```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANTIAGO SANTANA,                                           :
                                                            :
                              Plaintiff,                    :
                                                            :
            -against-                                       :
                                                            :
UNITED STATES DEPARTMENT                                    :
OF AGRICULTURE,                                             :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 18 2012 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

11-cv-5033 (ENV) (RLM)

**VITALIANO, D.J.**

Plaintiff Santiago Santana, proceeding pro se, brings this action against the United States Department of Agriculture ("USDA" or "the government") for judicial review of agency action pursuant to 7 U.S.C. § 2023(a)(13) and 7 C.F.R. § 279.7(a). The government now moves to dismiss for lack of subject jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, the government's motion is granted.

## Background

According to the amended complaint and its attachments, Santana owns a small grocery store in Brooklyn called Santana Deli & Grocery. The store participated in the federal Supplemental Nutrition Assistance Program ("SNAP") until February 17, 2010, when USDA sent notice that the store was permanently disqualified from SNAP for improperly trafficking in SNAP benefits.[1]

By letter dated March 9, 2011, USDA notified Santana that it was imposing a civil penalty of $55,000 against him due to his sale of the store following disqualification, in violation of

---

[1] "SNAP, previously known as the Food Stamp Program, is a federal benefits program that enables qualified households or 'beneficiaries' to purchase food items at participating stores." Makey Deli Grocery Inc. v. United States, No. 11 CIV. 2098, 2012 WL 1994806, at *1 (S.D.N.Y. June 4, 2012); see also 7 U.S.C. §§ 2011, 2013(a); 7 C.F.R. § 278.1.



1

7 C.F.R. 278.6(f)(2).[2] Santana timely requested administrative review of the civil penalty by USDA. In a Final Agency Decision ("FAD") dated July 21, 2011, USDA upheld the imposition of the $55,000 fine. The FAD, which is attached to Santana's complaint, specified that an action in district court requesting judicial review "must be filed within thirty (30) days of receipt of this Decision." On October 17, 2011, Santana commenced this action seeking such review, which he amended October 24, 2011.[3]

## Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The motion court may consider affidavits and other materials beyond the pleadings to resolve a question of subject matter jurisdiction. See Zaldivar v. Anna Bella's Cafe, LLC, No. 11-cv-1198, 2012 WL 642828, at *2 (E.D.N.Y. Feb. 28, 2012). A court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of a plaintiff because subject matter jurisdiction must be shown affirmatively. See Zaldivar, 2012 WL 642828, at *2. Of course, in light of plaintiff's pro se status, the Court must liberally construe his submissions to raise the strongest arguments they suggest. See Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2199 (2007); Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

## Discussion

Plaintiff requests judicial review of USDA's final agency action fining him $55,000 for

---

[2] "In the event any retail food store . . . which has been disqualified is sold . . . the person . . . who sells . . . the retail food store . . . shall be subjected to and liable for a civil money penalty." 7 C.F.R. § 278.6

[3] After consenting to a motion briefing schedule, Santana failed to timely respond to the government's moving papers and, to date, has submitted no material in opposition.

2

transferring ownership of his store during a period of disqualification.[4] Neither the merits of the initial disqualification nor of the civil penalty itself are before the Court in this matter. The government simply contends sovereign immunity ousts the Court of jurisdiction.

Sovereign immunity generally makes the United States absolutely immune from suit. "[T]he United States may not be sued without its consent and . . . [that] consent is a prerequisite for jurisdiction." Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (quoting United States v. Mitchell, 463 U.S. 205, 212, 103 S. Ct. 2961 (1983)) (quotations omitted). "Moreover, waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." Adeleke, 355 F.3d at 150 (quoting United States v. Nordic Village, Inc., 503 U.S. 30, 33, 112 S. Ct. 1011 (1992)). "Waivers of sovereign immunity should be strictly construed in favor of the [g]overnment so as not to extend the waiver beyond what Congress intended." Mendez & DeJesus Grocery Store v. U.S. Dept. of Agriculture, No. 97 CIV. 1099, 1997 WL 250458, at *2 (S.D.N.Y. May 12, 1997) (citing Block v. North Dakota, 461 U.S. 273, 287, 103 S. Ct. 1811 (1983)).

The Food Stamp Act allows a plan participant aggrieved by an administrative decision with respect to SNAP to bring an action for judicial review in a district court "within thirty days after the date of delivery or service of the final notice of" the determination. See 7 U.S.C. § 2023(a)(13); 7 C.F.R. § 279.7(a).[5] Timely institution of suit, in a nutshell, works a waiver of sovereign immunity. See Mendez, 1997 WL 250458, at *2 (citing cases); Gonzalez v. Unites States, 675 F.

---

[4] Santana seems to claim both that the transfer for which he was fined was never actually completed due to difficulties in transferring the store's various business licenses and that the sale was rescinded after the fact.

[5] Section 2023(a)(13) authorizes an aggrieved participant to file "a complaint against the United States," making the United States—as opposed to any individual agency—the only proper defendant in this case. Here, however, plaintiff has named only USDA. The amended complaint is deemed further amended to reflect that the action against USDA is dismissed, but the United States is substituted as the party defendant.

3

Supp. 2d 260, 262-3 (D.R.I. 2009). Actions filed outside the 30-day window, conversely, do not lie within the ambit of §2023's waiver of immunity.

Santana concedes in his amended complaint that he filed this action more than 30 days after he received USDA's final determination. In light of that admission, it is beyond dispute that § 2023's "limited waiver of the government's sovereign immunity," Mendez, 1997 WL 250458, at *2, does not apply.[6] Indeed, even absent the ability to imply a waiver of sovereign immunity when none is unequivocally expressed, see Adeleke, 355 F.3d at 150, the government here affirmatively invokes its immunity from suit. Under these circumstances, this Court is without jurisdiction to adjudicate the subject matter of Santana's suit, Adeleke, 355 F.3d at 151, and it is, therefore, dismissed.

## Conclusion

Accordingly, the government's motion to dismiss for lack of subject matter jurisdiction is granted. Plaintiff's claim for judicial review is dismissed with prejudice.

The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
July 4, 2012

ERIC N. VITALIANO
United States District Judge

---

[6] Santana, in his complaint, requests that the Court adjudicate his claim despite it being untimely because he was unable to file his complaint on time. Plaintiff, however, provides not a hint of any reason he might be entitled to equitable tolling of the 30-day period, assuming that such tolling were available in this context. Whether such an exception to sovereign immunity exists, is a question for another day.

4